```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      SOUTHERN DIVISION at LONDON
```

| | |
|---|---|
| MELVEL A. GOOD, ) | |
| ) | |
| Plaintiff, ) | Civil No. 6:16-cv-234-JMH |
| ) | |
| V. ) | |
| ) | |
| NANCY A. BERRYHILL, Acting ) | **MEMORANDUM OPINION & ORDER** |
| Commissioner of Social Security ) | |
| Defendant. ) | |

                                 ****

This matter is before the Court upon the Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"). [DE 16]. The Court has reviewed the motion and response and is sufficiently advised. In the motion, Plaintiff requests an award of attorney's fees in the amount of $3,850.00, to be paid to Plaintiff's attorney, calculated at the rate of $125.00 per hour for a total of 30.80 hours. Said motion is supported by the sworn affidavit of Plaintiff's attorney, Hon. Elizabeth K. Broyles.

In granting the Defendant's Motion to Remand [DE 13], this Court remanded the matter for further consideration by the Commissioner [DE 14]. The Commissioner has responded [DE 17], stating that he does not oppose the request for EAJA fees, apparently conceding that the government's position was not substantially justified and no special circumstances prevent an

award to Plaintiff, as the prevailing party. 28 U.S.C. § 2412(d)(1).

The Commissioner does, however, oppose payment of the fees directly to counsel, rather than the prevailing Plaintiff, pursuant to the teachings of *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29 (2010). Plaintiff did not reply to this objection.

In *Astrue*, the Supreme Court held that an award of EAJA fees belongs to the plaintiff, not the plaintiff's attorney. *Astrue* clearly states that under the plain text of the statute, the EAJA awards "the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Astrue*, 560 U.S. at 593. This implies that fees under the EAJA should be paid to litigants regardless of whether the Commissioner presently shows that the litigant has a federal debt or not. The Sixth Circuit has adopted this view. *See Bryant v. Commissioner of Social Security*, 578 F.3d 443, 448 (6th Cir. 2009).

Here, Plaintiff has assigned any EAJA fees to his counsel [DE 16-7]. However, this assignment is not effective under the Anti-Assignment Act, 31 U.S.C. § 3727(b). The Anti-Assignment Act imposes stringent requirements on an assignment of a claim against the United States, including a claim for an award of EAJA fees, which must be met in order for the assignment to be enforceable. For example, "[a]n assignment may be made only after a claim is

allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). Here, the assignment predates the Court's actual award of fees under the EAJA and is therefore void. *See Cox v. Astrue*, 917 F. Supp. 2d 659, 662 (E.D. Ky. 2013) (citing *Kalar v. Astrue*, CIV.A. 10-428-JBC, 2012 WL 2873815 (E.D. Ky. July 13, 2012)) ("[D]istrict courts within the Sixth Circuit have agreed that any assignment of an EAJA award that predates the actual award of fees is void.").

Therefore, while the Court will award attorney fees and expenses pursuant to the EAJA in the amount of $3,850.00, the fees and expenses are awarded to the plaintiff, not his attorney. In the event Plaintiff owes any pre-existing debt, the Government is entitled to offset the award.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Attorney's Fees [DE 16] is **GRANTED IN PART** and **DENIED IN PART**; and

(2) that Plaintiff is awarded fees under the Equal Access to Justice Act in the amount of three thousand eight hundred and fifty dollars ($3,850.00).

This the 8th day of February, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge