UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MELVEL ARVIN GOOD, | ) |
|    Plaintiff, | ) |
| v. | ) No. 6:16-cv-234-REW |
| LELAND DUDEK, Acting Commissioner of the Social Security Administration, | ) OPINION & ORDER |
|    Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Melvel Arvin Good, through counsel, moves for an award of attorney's fees in the amount of $30,333 for the work Attorney Elizabeth K. Broyles performed on his Social Security appeal. *See* DE 19 (Motion). For the following reasons, the Court **GRANTS in part** and **DENIES in part** the motion.

**I.   Background**

Following a determination by the Social Security Administration (the SSA) that he was not "disabled" and therefore, not entitled to Social Security disability benefits or Supplemental Security Income, Good appealed to this Court for review. *See generally* DE 2 (Complaint); *see also* DE 9-1 (Administrative Record) at 6, 76. On the Government's unopposed motion, the Court remanded the underlying case pursuant to sentence four of 42 U.S.C. § 405(g). *See* DE 13 (Motion to Remand); DE 14 (Order Granting Remand). At that stage, the Court also granted Good's motion for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), awarding $3,850.00. *See* DE 18 (Order Granting Fees). That amount represented 30.80 attorney hours at an hourly rate of $125.00. *See id.*

Following Good's first pass with the Court, an ALJ awarded him past-due benefits, finding

that Good was wrongfully denied benefits in his initial application. *See* DE 19-2 (Notice of Award); DE 19-6 (Decision). Supported by this favorable result, Good, through counsel, filed a motion for $30,333.00 in attorney's fees under 42 U.S.C. § 406(b). *See* DE 19; DE 19-1 (Memorandum in Support). In response, the SSA does not dispute that Broyles is eligible to receive a fee award but states that it "does not consider the requested fee to be reasonable." *See* DE 22 (Response) at 2. The matter is now fully briefed and ripe for review.

**II.    Analysis**

Section 406(b) permits courts to award "a reasonable [attorney's] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). However, before awarding any fees under § 406, the Court must independently determine whether the requested fee is reasonable for the services rendered. *See Gisbrecht v. Barnhart*, 122 S. Ct. 1817, 1828 (2002) ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). The "reasonableness" of a fee for Social Security representation, as the Sixth Circuit limns it, turns on several factors, including: (1) the effective hourly rate; (2) counsel's delay in filing the § 406(b) motion; (3) the Commissioner's opposition to the fee; and (4) the "brevity" and "relative simplicity" of the representation. *See Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 310 (6th Cir. 2014).

Regardless, "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a

showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990). If neither circumstance applies, "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." *Id.* at 421.

Three necessary points present no issue for the Court's resolution. First, there is no dispute that Good secured a final favorable decision, rendering an award under § 406 appropriate. After the Court's sentence four remand, an ALJ determined that Good was disabled during the relevant period. *See* DE 19-6. This constitutes a favorable decision under § 406. *See Kendrick v. Comm'r of Soc. Sec.*, CIVIL ACTION NO. 16-97-DLB, 2020 WL 5633846, at *2 (E.D. Ky. Sept. 21, 2020) ("[A] favorable decision occurs when there is a determination of disability.") (citation and quotation marks omitted). The only challenge from the SSA is to the amount sought. *See generally* DE 22. This opens the door to a § 406(b) award of attorney's fees.

Likewise, the fee agreement between Good and Broyles, on its face, is permissible under 42 U.S.C. § 406(b)(1)(A). The agreement commits Good to pay 25% of any past-due award resulting from Broyles's representation of him in federal court, reduced by any fees paid for representation before the SSA. *See* DE 19-5 (Agreement). Thus, because the representation agreement does not contract for more than 25% of any past-due benefits, the agreement complies with § 406(b)(1)(A)'s cap on contingent compensation as a threshold matter. *See* § 406(b)(1)(A) ("[T]he court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . .").

As to the final undisputed point, there is no issue with ineffective assistance of counsel or

improper conduct. The available record shows that Broyles competently represented Good, filing timely and complete motions with the Court, following proper procedure, and achieving a favorable result on Good's behalf. As such, there is no reason for the Court to reject the motion based on faulty representation or improper conduct.

Thus, the only possible basis for overcoming the presumption of reasonableness would be a determination that the agreement resulted in a windfall for counsel based on, either separately or in part, an exorbitantly high effective hourly rate, untimely delay, or the brevity or simplicity of representation. *See Hayes*, 923 F.2d at 419.

Regarding windfall, the Sixth Circuit "provides a floor" for determining the reasonableness of requested § 406(b) fees. *See id.* at 422. Where the amount requested divided by the number of hours expended is less than twice the base rate for EAJA representation, the requested fee is *per se* reasonable. *See id.* Nonetheless, a hypothetical hourly rate that is equal to or exceeds twice the EAJA rate is still accorded the reasonableness presumption, but the Court must open the hood to be sure. *See id.*

Here, Broyles requests $30,333.00, representing 30.80 hours of work. *See* DE 19-1 at 1–3. The requested amount reflects counsel's subtraction of the $3,850.00 in EAJA fees. *See id.* at 2 ("Twenty-five percent of past-due benefits, less EAJA fees and less the amount paid by the Administration for work before the agency, equals $30,333."). But, as the SSA points out, since Broyles intends to retain the EAJA fees granted for the same work, the Court will add the $3,850.00 to the amount requested to determine the hourly rate. *See* DE 22 at 4. This is because the previously granted fees are part of the ultimate fee award. *See Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 839–40 (S.D. Ohio 2018) ("[T]he effective hourly rate can be calculated only prior to the subtraction of the duplicate prior EAJA award; subtracting the EAJA award from the

4

total fee sought is incorrect, as the EAJA fee is a wash. . . . [Counsel's] effective hourly rate is calculated by reference to that total (including her prior EAJA award) divided by the total number of hours expended.  The return of an EAJA fee is not a compromise and does not reduce the effective hourly fee sought but only prevents double recovery for the same work.") (emphasis in original).  Based on a total award of $34,183.00 ($30,333.00 + $3,850.00), the hypothetical hourly rate amounts to $1,109.84.  This is well above the $125 default EAJA rate.  *See Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) ("The EAJA imposes a statutory cap of '$125 per hour' on the rate used to calculate the lodestar 'unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.'") (alteration in original) (quoting 28 U.S.C. § 2412(d)(2)(A)).  As a result, because the hypothetical hourly rate of $1,109.84 is more (far more) than twice the EAJA rate, the Court finds that the fee request is not *per se* reasonable and is only afforded the standard rebuttable presumption of reasonableness.  *See Hayes*, 923 F.2d at 422.

    In evaluating whether this presumption is rebutted, the Court first notes that there was no undue delay in filing the § 406 petition.  Section 406(b) does not contain a specific time limit for filing a motion for attorney's fees.  *See Bentley v. Comm'r of Soc. Sec.*, 524 F. Supp. 2d 921, 922 (W.D. Mich. 2007).  However, Local Rule 83 does set a window for fee motions, requiring an attorney to file such a motion "within 30 days of the date shown on the face of the most recent notice of award issued by the Social Security Administration." LR 83.11(a).  The latest notice of award was issued on January 30, 2023.  *See* DE 19-2.  Broyles timely filed the motion for fees on February 28, 2023.  *See* DE 19.  Because the motion complies with LR 83.11(a), its reasonableness is not called into question by any timeliness issues.

    The Court next analyzes whether the hypothetical hourly rate of $1,109.84 is within the

market rate for such work in this district. The Court finds that it is not. Even the very highest rates found to be reasonable within this circuit routinely fall short of this rate. *See, e.g.*, *Chorak v. Comm'r of Soc. Sec.*, CASE NO. 5:18-CV-2243, 2024 WL 1611482, at *4 (N.D. Ohio Feb. 7, 2024) (finding reasonable a hypothetical rate of $900.00); *Stefan v. Comm'r of Soc. Sec. Admin.*, Case No. 5:22-CV-00754, 2024 WL 4815121, at *4 (N.D. Ohio Nov. 18, 2024) (finding $700 reasonable); *Amanda G. v. Comm'r of Soc. Sec.*, Case No. 1:20-cv-987, 2024 WL 3741534, at *2 (S.D. Ohio Aug. 8, 2024) (finding $687.25 reasonable). Indeed, in the Eastern and Western Districts of Kentucky, courts frequently cap the hourly rate at $500.00—and even more, generally require the attorney to be experienced to justify that amount. *See, e.g.*, *Tucker v. Comm'r of Soc. Sec.*, Case No. 6:22-cv-212-DCR, DE 29, at 3 (E.D. Ky. Sept. 10, 2024) (reducing from a rate of $896.71 to $500.00); *Coots v. Saul*, No. 6:19-CV-143-HAI, 2021 WL 9334204, at *3 (E.D. Ky. June 10, 2021) (reducing $1,798.52 to $500); *Barnett v. Saul*, CIVIL ACTION NO. 7:19-cv-00035-EBA, 2021 WL 684117, at *4 (E.D. Ky. Feb. 22, 2021) (reducing $1,078.78 to $500); *Hunt v. Colvin*, CIVIL ACTION NO. 11-236-DLB, 2016 WL 3574398, at *2 (E.D. Ky. June 27, 2016) (reducing $977.79 to $500.00); *Amburgey v. Colvin*, Civil Action No. 5:08-335-DCR, 2016 WL 2859611, at *5 (E.D. Ky. May 16, 2016) (reducing $981.06 to $500.00). *But see Lockridge v. Astrue*, Civil Action No. 04-499-JBC, 2009 WL 127668, at *2 (E.D. Ky. Jan. 16, 2009) (approving hourly rate of $702.13 given that counsel had "over 30 years of experience in social security law" and because "this was not a case where [counsel] merely submitted boilerplate pleadings to the court"). The key is reasonableness, and the Court is not constrained here by what others have done, though it will not ignore the wisdom and good sense of comparable reviewers.

As to the relative complexity of counsel's representation, Broyles spent approximately six months and 30.80 hours of billable time representing Good in federal court, from the initial filing

6

of the appeal to the remand back to the SSA.[1]  *See* DE 2; DE 14.  Broyle's statement of services shows that she was performing all the traditional functions of a lawyer representing her client in an adverse environment (*e.g.*, reviewing the record, meeting with her client, drafting filings, and conducting legal research).  *See* DE 16-6 (Statement of Services) at 1–3.  Still, relatively speaking, her representation was marginally more simplistic as compared to the average case.  While Broyles drafted and submitted Good's opening summary judgment brief, *see* DE 11, the SSA agreed to remand the case before the briefing process was over.  Due to the timing of the remand, Broyles did not have to assess any response filed by the SSA or draft and file a reply.  As a result, the only merits-driven motion filed before this Court was the motion for summary judgment.  And that motion, though not insubstantial, was based on a straightforward appeal.  The Court certainly acknowledges Broyles's skill and expertise in handling Social Security matters and the degree of risk inherent in taking such cases on contingency.  All things considered, however, 31 hours is not an abnormally long amount of time to dedicate to a Social Security appeal, and the litigation in federal court only spanned six months.  Thus, the simplicity of the representation and its brevity cut against the reasonableness of the hourly rate requested, albeit slightly.  *See Acosta v. Comm'r of Soc. Sec.*, No. 14-10212, 2016 WL 8094540, at *10 (E.D. Mich. Nov. 17, 2016) (noting that cases approved for around a $1,000 effective hourly rate "consistently involve a combination of a well-seasoned attorney, an extraordinarily high recovery of past-due benefits, and a difficult and complex dispute with the Commissioner"), *report and recommendation adopted*, No. 14-10212, 2017 WL 372000 (E.D. Mich. Jan. 26, 2017).

---

[1] Altogether, from his initial application to his final notice of award, Broyles represented Good for over eleven years.  *See* DE 19-4 (Broyles Affidavit) ¶ 2; DE 19-4.  This has included multiple remands before the SSA.  *See* DE 19-1 at 3.  However, the instant motion only concerns representation in federal court per the fee agreement, *see* DE 19-5, and Broyles has been compensated for her representation of Good before the SSA, *see* DE 19-4 ¶ 2.

7

In sum, Broyles no doubt deserves an award that fairly accounts for her diligent work and properly respects the agreed upon contingency arrangement. Further, the Court is careful to remember that contingent fee environments feature more losers than winners. Lawyers taking the risk of being the former should enjoy some comparative benefit when the latter. So, what should the hypothetical hourly rate in this case be? A reimbursement rate of $1,109.84 is nearly nine times that of the standard $125.00 EAJA rate. Given the relative plainness and short duration of the case (at least in federal court), the requested rate exceeds reasonableness. A complicating factor in this case is the amount of time that has passed since Broyles performed work on Good's case in front of this Court. That work was primarily performed during 2016 and 2017, but the SSA did not grant the final award until early 2023. *See* DE 16-6; DE 19-2. At the time the work was performed, local courts generally accepted $500 as a reasonable rate for experienced attorneys. *See e.g., Hunt*, 2016 WL 3574398, at *2; *Amburgey*, 2016 WL 2859611, at *5. Even as of late, courts in this district tend to stick to the $500 hourly rate. *See, e.g., Tucker*, DE 29, at 3. Thus, the $500 baseline, in light of when the work was actually performed, puts downward pressure on the hypothetical hourly rate. Due to changes in court personnel, the fee motion went overlooked on the docket for two years, regrettably delaying the provision of fees. The dynamics of the time value of money and intervening inflation conversely place upward pressure on the proper rate.

Altogether, the Court finds that the de facto limit of $500 fails to fully capture the nature of a contingent fee in these circumstances. What might, in a vacuum, seem like a windfall must be considered against the many SSA appeals that result in no recovery and no fee. Counsel here performed ably and earned her client a significant award, and her own award should reflect that effort. Thus, the Court grants the motion for attorney's fees in part but declines to award the full amount sought, reducing the hypothetical hourly rate to $600. This rate credits Broyles for the

8

time passed and the successful result obtained while also accounting for the relative simplicity and brevity of the case. This sets the total award at $18,480.00, which is well within the 25% cap allowable under § 406(b)(1)(A).[2]

As a final ancillary matter, when attorney's fees are awarded under both the EAJA and § 406(b) (as is the case here), the attorney must "'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 122 S. Ct. at 1822 (alteration in original) (quoting Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186); *see also Drake v. Comm'r of Soc. Sec.*, Case No. 4:14-12662, 2016 WL 492704, at *2 (E.D. Mich. Feb. 9, 2016) ("The EAJA Savings Provision thus prevents an attorney from obtaining a 'double recovery' under the EAJA and Section 406(b) for the same work."). Thus, upon the Court's grant of the § 406(b) motion, Broyles must return to Good the $3,850.00 in EAJA fees previously awarded by the Court and actually paid. *See* DE 18. This avoids double recovery in Broyle's favor, properly respects the contingency fee agreement signed by Good at the outset of the representation, and lessens Good's out of pocket costs for representation in this matter to $14,630.00.

### III. Conclusion

Accordingly, the Court **ORDERS** as follows:

1. The Court **GRANTS in part** and **DENIES in part** DE 19;
2. The Court **AWARDS** Broyles a fee, out of Good's past-due benefits, at a total of $18,480.00 under 42 U.S.C. § 406(b), to be remitted to Broyles in accordance with Social Security Administration policy; and
3. Broyles **SHALL** promptly return to Good $3,850.00 in EAJA fees and provide documentation of compliance if and as sought by the Commissioner. Broyles

---

[2] $160,754.00 in past-due benefits awarded x 25% = $40,188.50. *See* DE 19-2 at 3.

9

      **SHALL** also assure Good's receipt of this Order.

This the 22nd day of April, 2025.

Signed By:
Robert E. Wier /s/ REW
United States District Judge